UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LA GRASSO BROS. INC.,

       Plaintiff,

v.

                               CIVIL CASE NO. 10-10711

AMERICAN FOODSERVICE, L.L.C., and
DAVID M. MAZUR, JR.,               HON. MARIANNE O. BATTANI

       Defendants.

_____/

OPINION AND ORDER GRANTING DEFENDANTS' MOTION
FOR LEAVE TO SUPPLEMENT RESPONSE AND
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff LaGrasso Bros., Inc.'s Motion for Summary Judgment Against Defendants American Foodservice, L.L.C. and David Mazur (Doc. 12) and Defendants' Motion for Leave to Supplement Response (Doc. 19). The Court has reviewed the record and finds oral argument will not aid in the resolution of this dispute. See, E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** both motions.

I.     **BACKGROUND**

Plaintiff LaGrasso Bros. is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce. Plaintiff is licensed as a dealer under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et seq.*.

Defendant American Foodservice is a dealer of wholesale quantities of produce under PACA. American Foodservice's Articles of Organization identify Defendant David

1

Mazur as its sole founder.  (Doc. 12 Ex. 3).  Mazur is also American Foodservice's Managing Member.  American Foodservice entered into an credit agreement with Plaintiff that detailed payment terms and included a requirement that American Foodservice pay interest on all unpaid invoices.  (Doc. 12 Ex. 4).  Additionally, Mazur entered into a Guarantor Agreement with Plaintiff in which he personally guaranteed any debt incurred by American Foodservice.  Id.

Between October 22, 2009 and December 12, 2009, Plaintiff sold and delivered to Defendants wholesale quantities of produce, worth $27,867.50, for which it had not been paid.  The following language was included on each invoice Plaintiff sent to Defendant:

> "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received"

(Doc. 12, Declaration of LaGrasso, Ex. 2).

On February 19, 2010, pursuant to Section 5(c) of PACA, Plaintiff filed suit against Defendants to enforce PACA trust provisions and collect the unpaid invoices.  (Doc. 1). Mazur filed a *pro se* Answer for himself and American Foodservice.  (Doc. 8).

On March 29, Plaintiff served Defendants with a first set of discovery requests. (Doc. 12 Ex. 1).  In the opening paragraph of Plaintiff's First Request for Admissions, Plaintiff expressly state that Defendants responses are due within thirty days of service. Id.  The Court's scheduling order indicated that all discovery was to be completed by July 30, 2010.  (Doc. 11).

On August 17, Plaintiff filed a motion for summary judgment under Rule 56.  (Doc.

12).   On September 23, Defendants filed an Affidavit in response to Plaintiff's motion. (Doc. 14).  Also on that date, Defendants served Plaintiff with their responses to Plaintiff's First Request for Admissions.  (Doc. 15 at 3, n.1).

On October 16, Defendants filed a "Response" in which they apparently respond to Plaintiff's First Request for Admissions.  (Doc. 16).  Two days later, Defendants filed a Motion for Leave to Supplement Response.  (Doc. 19).  Plaintiff's motion for summary judgment and Defendants' motion to supplement are now before the Court.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. Pro. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, (1986).  Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.  Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The Court "must lend credence" to the non-moving party's interpretation of the disputed

3

facts. <u>Marvin v. City of Taylor</u>, 509 F.3d 234, 238 (6th Cir. 2007) (citing <u>Scott v. Harris</u>, 127 S.Ct. 1769, 1775 (2007)).  The non-moving party may not rest upon its mere allegations, but rather must set out specific facts showing a genuine issue for trial.  <u>See</u>, <u>Fed. R. Civ. P.</u> 56(c)(1). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice.  Rather, there must be evidence on which the jury could reasonably find for the non-moving party.  <u>Hopson v.DaimlerChrysler Corp.</u>, 306 F.3d 427, 432 (6th Cir. 2002).

### III.   ANALYSIS

The Court addresses two threshold concerns before reviewing the parties' motions. First, it appears that Mazur is representing himself and American Foodservice.  Mazur is not a licensed attorney and cannot represent a limited liability company, such as American Foodservice.[1]  <u>See</u>, <u>Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council</u>, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities." (citations omitted)).  Furthermore, though Mazur is American Foodservice's Managing Member, a limited liability company cannot represent itself.  <u>See</u>, <u>Roscoe v. U.S.</u>, 134 Fed. App'x 226, 227 (10th Cir. 2005); <u>In re ICLNDS Notes Acquisition, LLC</u>, 259 B.R. 289, 294 (Bankr. N.D. Ohio 2001) ("whether an LLC is viewed as a corporation or a partnership or a hybrid, it may only appear in court through an attorney.").  The Court considers Mazur's arguments only to the extent he is responding on his own behalf.  Consequently, American Foodservice has

---

[1] The Court notes that Plaintiff does not object to Mazur representing American Foodservice.

4

not filed an answer, discovery responses, or any response to Plaintiff's motion for summary judgment.

Second, all matters identified in Plaintiff's First Request for Admissions are deemed admitted. (Doc. 12 Ex. 1). Under Fed. R. Civ. P. 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." "[A] request for admissions which is not responded to within the applicable time period is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Kerry Steel, Inc. v. Paragon Indus., 106 F.3d 147, 153 (6th Cir.1997). Furthermore, "matters deemed admitted pursuant to Rule 36(a) can serve as a basis for the granting of a motion for summary judgment." Turk v. CitiMortgage, 2005 WL 2090888, 3 (E.D. Mich. August 29, 2005) (citing First Nat'l Bank Co. of Clinton, Ill. v. Ins. Co. of N. Am., 606 F.2d 760, 766 (7th Cir.1979); Dukes v. South Carolina Ins. Co., 770 F.2d 545, 548-49 (5th Cir.1985)).

Here, Defendants did not respond or object to Plaintiff's request for admissions within thirty days of service. Plaintiff informs the Court that it made Defendants aware of the consequences of not responding in time. (Doc. 15 at 3, n.1). As discussed above, Defendant American Foodservice filed no discovery responses in this case. Defendant Mazur served his responses six months after receiving Plaintiff's First Request for Admissions and two months after the discovery cutoff date set by the Court. Mazur's *pro se* status does not excuse him from complying with unambiguous discover deadlines. See, Yamasaki Assocs. v. Syska Henessy Group, Inc., 2010 WL 3342244 (E.D. Mich. Aug. 25, 2010) (Requests for admissions deemed admitted after *pro se* defendant did not respond

5

within thirty days and did not request additional time to respond).  Also, the Court does not consider Mazur's errantly filed "Response" (Doc. 16) a motion to amend his admissions. Therefore, the matters in Plaintiff's First Request for Admissions are conclusively established.

### A.    Defendant's Motion for Leave to Supplement Response

Although the Court does not tolerate Defendant Mazur's inexcusable discovery delays, it grants his request to supplement his response to Plaintiff's motion.  (Doc. 18). Defendant's original response was a short, four-sentence Affidavit.  (Doc. 14).  Plaintiff adequately responds to his single supplemental argument in its Opposition to Defendant's motion.  (Doc. 20).  The granting of this motion does not cause Plaintiff to suffer unfair prejudice.  The Court incorporates Defendant's new argument into his original response.

### B.    PACA

"PACA creates a statutory trust for unpaid sellers of perishable agricultural commodities."  J.A. Besteman Co. v. Carter's, Inc., 439 F.Supp.2d 774, 777 (W.D. Mich. 2006).  Section 499e(c)(2) of PACA provides:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2).  PACA was enacted to "encourage fair trading practices in the marketing of perishable commodities by suppressing unfair and fraudulent business

practices in marketing of fresh and frozen fruits and vegetables ... and provid[e] for collecting damages from any buyer or seller who fails to live up to his contractual obligations." Endico Potatoes v. CIT Group/Factoring, 67 F.3d 1063, 1066 (2d Cir.1995) (citation omitted).

    To recover the proceeds from a PACA created trust, a plaintiff must demonstrate: (1) the commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to the purchaser within the time provided by the law. 7 U.S.C. § 499e; Chiquita Fresh, N.A. v. Specialty Produce Co., 2003 WL 24272404 (E.D. Tenn. May 2, 2003).

    Although PACA does not explicitly provide for attorney's fees, interest, and costs, the circuit courts have determined that the broad language of 7 U.S.C. § 499e(c)(2), specifically the phrase "sums owing in connection with," includes a right to attorney's fees, interest, and costs, provided there exists a contractual right to such fees. See, Cooseman's Specialties, Inc., v. Gargiulo, 485 F.3d 701, 709 (2d Cir. 2007); Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 632 (11th Cir. 2004); Middle Mountain Land & Produce v. Sound Commodities, 307 F.3d 1220, 1222-25 (9th Cir. 2002).

    Additionally, "[a]n individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty." Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 705 -706 (2d Cir. 2007) (citing Weis-Buy Servs. v. Paglia, 411 F.3d 415, 420-21 (3d Cir. 2005); Patterson Frozen Foods v. Crown Foods Int'l, 307 F.3d 666, 669 (7th Cir. 2002);

7

Golman-Hayden Co. v. Fresh Source Produce, 217 F.3d 348, 351 (5th Cir. 2000); Hiller Cranberry Prods. v. Koplovsky, 165 F.3d 1, 8-9 (1st Cir. 1999); Sunkist Growers v. Fisher, 104 F.3d 280, 282-83 (9th Cir. 1997)).

### C.   Plaintiff's Motion for Summary Judgment

Plaintiff argues it is entitled to summary judgment on its PACA trust claim because there are no material facts in dispute.  Defendants have admitted to purchasing, accepting, and not paying for Plaintiff's produce.  The PACA claim includes pre-judgment interest, attorney's fees, and costs of collection because the agreement between the parties gives Plaintiff the contractual right to such fees.  Also, Mazur has admitted to being in a position of control over the PACA trust and can be held personally liable if the trust fails to pay in full.

Defendant American Foodservice did not oppose Plaintiff's motion.  Defendant Mazur offers only two arguments in his response: (1) he cannot be found liable to a PACA trust beneficiary because American Foodservice is not a produce "dealer" that is subject to PACA and (2) even if the statute applied, Plaintiff failed to preserve its trust rights because Plaintiff routinely extended payment terms beyond the statutory maximum of thirty days.  The Court begins with Defendant Mazur's first argument.

There is no genuine issue of material fact as to whether American Foodservice is a "dealer" under PACA.  A produce "dealer" is "any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce."  7 U.S.C. § 499a(b)(6).  The federal regulations define "wholesale or jobbing quantities" as "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any

8

day, shipped, received or contracted to be shipped or received." 7 C.F.R. § 46.2(x).  A retailer is considered a "dealer" under PACA if it purchases more than $230,000 worth of produce for resale in any calender year.  7 U.S.C. § 499a(b)(6).

Defendant does not dispute that on October 12, 2009, American Foodservice purchased 4,962 pounds of produce from Plainitff.  (Doc. 12, Declaration of Lagrasso, Ex. 2).  This makes American Foodservice a "dealer" subject to PACA.  Also, it remains undisputed that American Foodservice purchased from Plaintiff:  $257,716.10 worth of produce in 2007, $275,068.20 in 2008, and $281,031.80 in 2009.  (Doc. 15 Ex. 1). Therefore, even if American Foodservice is strictly a "retailer" of produce, it is nevertheless a "dealer" because it purchased more than $230,000 worth of produce for resale in a year. Clearly, American Foodservice is subject to the trust provisions of PACA.

Turning to Defendant's second argument, there is no genuine issue of material fact as to whether Plaintiff preserved its PACA trust rights.  PACA and related federal regulations "expressly lay out the steps that a produce seller must take to come within PACA's protection." Overton Distributors, Inc. v. Heritage Bank, 340 F.3d 361, 365 (6th Cir. 2003) (citing 7 U.S.C. § 499e(c)(3) and (4); 7 C.F.R. §§ 46.2(aa) and 46.46(e)).  "Under all circumstances, the seller must give the buyer written notice of the seller's intention to preserve its trust benefits."  Id.  If the buyer and seller use the default payment terms set forth in 7 C.F.R. § 46.2(aa)(5) (buyer's payment due ten days after acceptance), this notice of intent to preserve benefits is all that is required.  Id.  If the parties agree to payment terms greater than ten days, they "must reduce their agreement to writing *before* entering into the transaction and maintain a copy of the agreement in their records."  7 C.F.R. § 46.2(aa)(11) (emphasis added).  "The maximum time for payment for a shipment to which

9

a seller, supplier, or agent can agree and still qualify for coverage under the trust is 30 days after receipt and acceptance." Id. at § 46.46(e)(2).  "This limitation exists because the statute is intended to protect only those produce sellers making short-term credit arrangements." Overton, 340 F.3d at 365 (citing H.R. Rep. No. 98-543 at 7 (1983)).

        Defendant argues that Plaintiff lost the protection of the PACA trust because over their course of dealing with American Foodservice, they accepted payments beyond the thirty-day maximum.[2]  Courts reviewing this argument generally conclude that a "'course of dealing' extending a buyer's payment due date does not prevent the seller from being entitled to the PACA trust." In re Symons Frozen Foods Inc., 425 B.R. 589, 599 (Bkrtcy. W.D. Wash. 2010) (citing In re Lombardo Fruit & Produce Co., 12 F.3d 806, 809-10 (8th Cir. 1993); A & J Produce Corp. v. CIT Group/Factoring, Inc., 829 F.Supp. 651, 655 (S.D. N.Y. 1993); Mid-Valley Produce Corp. v. 4-XXX Produce Corp., 819 F.Supp. 209, 211-12 (E.D. N.Y. 1993)).  Although there is no controlling Sixth Circuit precedent, the Court follows the reasoning of the above cited cases and rejects Defendant's argument that Plaintiff forfeited its PACA claim because it accepted payments beyond the thirty-day maximum.  Upon a buyer's default, "PACA does not impose an obligation on the seller to diligently enforce the agreement by filing suit, filing for trust protection, or terminating business relations." Lombardo, 12 F.3d at 810-11.  It is entirely reasonable for a produce buyer whose assets have become subject to a PACA trust to cure the default(s) that gave rise to the trust.  A seller's bare acceptance of payments that are more than thirty days late does not necessarily cause that seller to lose PACA protection.

_____

        [2]  Plaintiff admits it accepted payments more than thirty days late.  (Doc. 20 at 2).

10

However, if there is an agreement between the parties that provides for payment terms in excess of the statutory maximum, the seller loses PACA protection. Overton, 340 F.3d at 365 ("Thirty days is the maximum allowable payment term under PACA regulation 7 C.F.R. § 46.46(e)(2)...."). To that end, Defendant also claims that Plaintiff has agreed to extend "30+" payment terms since November 2006. Defendant offers no proof of such an agreement. The invoices in the record expressly state: "THIS INVOICE IS SUBJECT TO ALL TERMS AND CONDITIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT - BALANCE DUE - NET 10 DAYS." (Doc. 12 Ex. 1). Such language gives Defendants written notice of Plaintiff's intent to preserve its PACA trust rights and clearly identifies the operative payment terms. The "Statements" submitted by Defendant simply identifying the invoices that are thirty days late does not establish an agreement to extend payment terms beyond thirty days. (Doc. 18 Ex. 2). Also, Defendant offers no evidence of an oral agreement in which the parties agreed to payment terms beyond the statutory maximum.[3] Accordingly, the Court finds that Plaintiff preserved its trust rights and has a legitimate PACA claim.

Since the Court concludes that Plaintiff holds a valid PACA trust claim, it must also determine whether attorney's fees, costs, and interest are included as a part of that claim.

----

[3] Even if there was an oral agreement that extended the terms beyond the thirty-day maximum, the circuit courts have held that an oral agreement allowing for the extension of credit beyond thirty days does not abrogate a PACA trust. See, Bocchi Ams. Assocs., Inc. v. Commerce Fresh Mktg., Inc., 515 F.3d 383, 390-91 (5th Cir. 2008); Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc., 307 F.3d 666, 669 (7th Cir. 2002) (citing Idahoan Fresh v. Advantage Produce, Inc., 157 F.3d 197, 205 (3d Cir.1998); Hull Co. v. Hauser's Foods, Inc., 924 F.2d 777, 781-82 (8th Cir. 1991)); but see, Am. Banana Co., Inc. v. Republic Nat'l Bank of New York, 362 F.3d 33, 43-44 (2d Cir. 2004) (holding that an oral agreement may forfeit the protection of the PACA trust). The Sixth Circuit has yet to provide guidance on this issue.

As explained above, a seller's PACA claim includes attorney's fees, costs, and interest so long as there exists a contractual right to these fees.  Consumers Produce, Inc. v. R. Family Market, 2009 WL 2351642, *1 (N.D. Ohio July 28, 2009) (citations omitted).  Plaintiff claims that the Credit Application (Doc. 12 Ex. 4) signed by Defendants gives Plaintiff the right to seek "pre-judgment interest, attorney's fees and costs accumulated in connection with collecting payment."  (Doc. 12 at 13).  After throughly reviewing that document, the Court finds that Plaintiff has a contractual right to pre-judgment interest only.  At the bottom of the first page, the agreement reads:  "Seller shall assess interest against the outstanding balance from that date until payment is made at a rate of 1.5 percent per month (18%) per annum."  Id.  The agreement does not contain a provision that gives Plaintiff the right to collect attorney's fees and related costs.  Also, none of the invoices in the record show that Plaintiff has a contractual right to such fees and costs.  Therefore, Plaintiff's PACA trust claim includes pre-judgment interest, but does not include attorney's fees and costs of collection.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Leave to Supplement Response (Doc. 18) and **GRANTS** Plaintiff's Motion for Summary Judgment as to Defendant David Mazur (Doc. 12).

Within twenty (20) days of entry of this Opinion and Order, Plaintiff may enter a default and seek default judgment against Defendant American Foodservice, failure to do so will result in automatic dismissal of Plaintiff's claim against American Foodservice.  Also, Plaintiff should submit a proposed judgment against Defendant Mazur setting forth the

amount of pre-judgment interest that has accrued on the unpaid balance of $27,867.50,

after which time final judgment will issue.

**IT IS SO ORDERED.**

s/Marianne O. Battani

MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: March 11, 2011


**CERTIFICATE OF SERVICE**

Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt
Case Manager

13